```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23584-Civ-MOORE
                              MAGISTRATE JUDGE P.A. WHITE
DARRYL J. CASH,          :

     Petitioner,         :

v.                       :    REPORT RE DISMISSAL
                                 §2254 PETITION
WALTER A. McNEIL,        :    AS TIME BARRED

     Respondent.         :
_____
```

## INTRODUCTION

In this case, Darryl J. Case filed the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 23, 2009 (DE#1),[1] attacking convictions for first degree murder [Count 1] and armed kidnapping [Count 2], in Case No. F94-027882-C, after a jury trial in the Circuit Court of the Eleventh Judicial Circuit of Florida, at Miami-Dade County. He was sentenced to life imprisonment without the possibility of parole on both Counts, with a 3-year minimum mandatory term on Count 2.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has for its consideration the §2254 petition and supporting memo (DE#1); the State's Response to Order to Show Cause (DE#11) with exhibits (filed at DE#s 13, 14), and Cash's "petition" (DE#12) seeking to establish timeliness of the §2254 petition.

## DISCUSSION

The State in its Response argues that Cash's §2254 petition is

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

1

time barred, because more than 365 days of un-tolled time passed between the date when Cash's state judgment of conviction became final, and the date when his §2254 petition was filed in this case.

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Since the petitioner's conviction became final after April 24, 1996, the effective date of the foregoing provisions, he does not receive the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Cf. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998).

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[2] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir.1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir.1998), cert. denied, 526 U.S. 1074 (1999).

The record, and WestLaw opinions relating to Cash's direct appeal and post-conviction proceedings, reveal the following.

Cash filed a direct appeal, asserting two claims of trial court error.[3] (See Exs. C-E). On July 17, 2002, Cash's convictions

---

[2] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

[3] Appellant Case asserted that the trial court erred in limiting his ability to demonstrate bias of a former co-defendant turned State's witness, and erred in denying a defense motion for new trial based on a claim that the court had improperly precluded defense counsel from commenting during closing argument that the prosecution failed to rebut the defendant's testimony concerning his cooperation with the police.

3

and sentences were *per curiam* affirmed on appeal [appellate Case 3D00-3186], Cash v. State, 822 So.2d 523, (Fla. 3rd DCA, 2002), and rehearing was denied on August 16, 2002. (Id.). Mandate issued on September 4, 2002 (Ex.E). Cash's judgment became final, at the latest on November 14, 2002, ninety days after entry of the 3rd DCA's August 16, 2002 order, denying his motion for rehearing of the July 17, 2002 opinion affirming his conviction and sentence.[4]

On September 3, 2003, through counsel, Cash filed a motion for post conviction relief, asserting claims of ineffective assistance of counsel. (Ex.F). After an evidentiary hearing (Ex.G) the Court granted the attorneys leave to file briefs in support of their arguments; and then, on August 30, 2005, the trial court entered a 6-page Order denying the Rule 3.850 motion. (Ex.H). On January 11, 2007 [in appellate Case 3D06-297] the Florida 3rd DCA granted Cash a belated appeal of the trial court's 8/30/2005 post-evidentiary hearing Order denying the Rule 3.850 motion. (See Ex.I; and Cash v. State, 946 So.2d 27 (Fla. 3rd DCA 2007)(table case)). After the filing of the parties' briefs (Exs. I-K) the Court of Appeal on March 5, 2008 [in appellate Case 3D07-191] affirmed the trial court's 8/30/2005 Order that denied the claims of ineffective assistance which Cash had raised under Rule 3.850. Rehearing was denied on April 18, 2008. (See Ex.L; and Cash v. State, 979 So.2d 1028 (Fla. 3rd DCA 2008). Thereafter, upon petitioner Cash's petition for discretionary review, the Florida Supreme Court entered an Order on August 27, 2008, declining to accept discretionary jurisdiction in the case. See Cash v. State, 992 So.2d 386 (Fla. 2008)(table case).

The §2254 petition in this case was signed/dated/filed **more**

---

[4] For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

4

**than 14 months [455 days] later**, on November 23, 2009.  For that reason alone [i.e. that before Cash (on 11/23/09) tendered his §2254 petition to prison officials for filing in this case, more than 365 days had passed after the last state court ruling on Cash's last post-conviction filing in the state courts], it is apparent that Cash's §2254 petition in this case is time-barred, and subject to dismissal pursuant to 28 U.S.C. §2244(d)(1)-(2).

In addition to those 455 days of un-tolled time, there was an additional period of untolled time which came immediately after Cash's judgment became final. Cash waited **more than 9 months [293 days]** after his appeal became final [on 11/14/02] to file his Rule 3.850 motion on 9/3/03 with assistance of counsel.

Thus, it is apparent from the record that Cash let no less than 24 months [455 + 293 days = 748 days] of untolled time pass between the finality of his judgment [on 11/14/02] and the filing of his §2254 petition in this case conviction [on 11/23/09].

### Cash's Reply (DE#12) Fails to Establish That His §2254 Petition is Timely

As noted supra, Cash filed a "petition" (DE#12) incorporating arguments regarding timeliness of his §2254 petition. The Court entered an Order on 7/10/2010 (DE#16) construing DE#12 as a Reply to the State's Response DE#11.

Cash cites Jimenez v. Quaterman, 129 S.Ct. 681 (2009), arguing that it stands for the proposition that when a state court grants a criminal defendant an "out-of-time direct appeal" during state collateral review, but before he has first sought federal habeas corpus relief, his judgment is not yet "final" for purposes of §2244(d).  This is not what occurred in Cash's case.  His direct appeal from his judgment of conviction was completed, and his 90 day period for seeking *certiorari* review of the direct appeal had expired, long before Cash made his first effort to seek post conviction relief in the courts of Florida.

5

Cash also cites <u>Bond v. Moore</u>, 309 F.3d 770 (11 Cir. 2002), and having done so, argues as follows, *verbatim*: "the one year limitations period for State Prison inmates' filing of Federal Habeas Petition started to run when the time expired for filing petition for Certiorari with the United States Supreme Court from the state's highest court's denial discretionary review of post-conviction relief, not earlier when state high court denied review or denied Motion for Rehearing." The holding in <u>Bond</u> upon which petitioner Cash in this case seeks to rely, but inarticulately restates in his Reply (DE#12), is that a conviction becomes final when the judgment is rendered; the availability of appeal is exhausted; <u>and the time for filing a petition for *certiorari* [90 Days from date of the judgment] has elapsed</u>, or if a petition for *certiorari* has been filed, it becomes final when the petition for *certiorari* is finally denied (<u>See</u> Footnote 4 of this Report, <u>supra</u>).

As noted above, in this case, the start of the clock when untolled time began to run in Cash's case, was on 11/14/2002 upon expiration of the 90 day period allotted for him to file a petition for *certiorari* after entry of judgment and the denial of rehearing on direct appeal. (The judgment on his direct appeal was rendered 7/17/2002, rehearing on direct appeal was denied on 8/16/2002; and the 90 day period for *certiorari* review began 8/16 and ended on 11/14/2002).

Cash, in arguing that his §2254 petition is timely, reaches and relies upon the mistaken belief that his judgment did not become final on 11/14/02. He argues that because he was granted a <u>belated appeal</u> from denial his Rule 3.850 motion, his conviction did not become final until after the resolution of that appeal [in the post-conviction proceeding] and expiration thereafter of time for *certiorari* review of that ruling.[5] Cash is mistaken. He has confused an appeal on direct review of a conviction and sentence,

---

[5] The statute of limitations is not tolled even during a period when a petition for writ of *certiorari* has been filed and is pending following denial of collateral review in state courts. <u>Lawrence v. Florida</u>, 549 U.S. 327 (2007).

6

with an appeal taken later as part of post-conviction proceedings; and he is under the mistaken belief that a belated appeal in a Rule 3.850 post-conviction proceeding completely "resets" the AEDPA's one year limitations period.

## **CONCLUSION**

Petitioner Cash in his reply has failed to establish that his §2254 petition was timely. The State's response, and the supporting record, show that Cash's petition is subject to dismissal on grounds that it is time barred.

Since the petitioner has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant state convictions and sentences, it is recommended that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254, be dismissed as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: August 24th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Darryl J. Cash, Pro Se
    DC# 449365
    Glades Correctional Institution
    500 Orange Avenue Circle
    Belle Glade, FL 33430-5222

    Douglas James Glaid, AAG
    Richard L. Polin, AAG
    Office of the Attorney General
    Department of Legal Affairs
    444 Brickell Avenue, Suite 650
    Miami, FL 33131

7